# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHRISTOPHER R. CHIN-YOUNG,
　　　　Appellant,

　　　　v.

DEPARTMENT OF
　TRANSPORTATION,
　　　　Agency.

DOCKET NUMBER
AT-1221-17-0217-W-1

DATE: January 13, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Christopher R. Chin-Young, Tallahassee, Florida, pro se.

Philip D. Edwards, Esquire, College Park, Georgia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore we DENY the petition for review.  Except as expressly MODIFIED by this Final Order to clarify the administrative judge's analysis of the appellant's fourth and fifth disclosures, we AFFIRM the initial decision.

¶2		The appellant filed an IRA appeal in which he alleged that the agency took a number of personnel actions in retaliation for a number of protected disclosures. The administrative judge, in an initial decision, found that the appellant failed to make a nonfrivolous allegation of jurisdiction, and he dismissed the appeal for lack of jurisdiction without a hearing.  The appellant petitions for review.

¶3		The Board has jurisdiction over an IRA appeal if the appellant has exhausted his or her administrative remedies before the Office of Special Counsel (OSC) and makes nonfrivolous allegations that:  (1) he engaged in whistleblowing activity by making a protected disclosure; and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action. *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).  The appellant raised seven alleged protected disclosures and seven alleged personnel actions.  We adopt the administrative judge's grouping of these claims in our analysis.

<u>The appellant failed to show that he exhausted his remedies before OSC concerning some of his alleged protected disclosures.</u>[2]

¶4      An employee seeking corrective action for whistleblower reprisal under 5 U.S.C. § 1221 is required to seek corrective action from OSC before seeking corrective action from the Board. *Edwards v. Department of the Air Force*, 120 M.S.P.R. 307, ¶ 15 (2013). This requirement is met when an appellant has provided OSC with a sufficient basis to pursue an investigation. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 10-11. The Board's jurisdiction is limited to those issues that have been previously raised with OSC. However, an appellant may give a more detailed account of his whistleblowing activities before the Board than he did to OSC. *Id*.

¶5      An appellant may demonstrate exhaustion through his initial OSC complaint, evidence that he amended the original complaint, including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations, and his written responses to OSC referencing the amended allegations. He may also establish exhaustion through other sufficiently reliable evidence, such as an affidavit or a declaration attesting that he raised with OSC the substance of the facts in the Board appeal. *Id*. However, the appellant's failure to provide any of these in this case means there is little evidence to show precisely what he raised before OSC. We agree with the administrative judge that OSC's closure letters are the best evidence available in the file as to which claims the appellant raised to OSC. Initial Appeal File (IAF), Tab 25, Initial Decision (ID) at 4.

¶6      OSC's correspondence reveals that the appellant raised two alleged protected disclosures, one concerning excessive spending on employee travel (disclosure 4) and one concerning excessive spending on conferences (disclosure 5). IAF, Tab 1 at 11-12. OSC makes no mention of the appellant's

---

[2] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

remaining alleged protected disclosures, misuse of classification series 2186; nepotism and favoritism in hiring within the Planning and Requirements group; excessive travel funding by a particular named individual; and misuse of work details to silence and isolate the appellant. As the administrative judge correctly determined, because there is no evidence that the appellant raised these four alleged protected disclosures to OSC, he failed to prove exhaustion as to them. ID at 5-7; *Chambers*, 2022 MSPB 8, ¶¶ 10-11 (finding that, in an IRA appeal, the Board may consider only those charges of whistleblowing that the appellant first asserted before OSC).

¶7        Turning to disclosures 4 and 5, the administrative judge found that the appellant did not exhaust his remedies because his allegations lacked detail and because he failed to inform OSC of the precise ground of his charge of whistleblowing so as to give OSC a sufficient basis to pursue an investigation that might lead to corrective action. ID at 4; *see Ward v. Merit Systems Protection Board*, 981 F.2d 521, 526 (Fed. Cir. 1992). He went on to find that the appellant failed to make a nonfrivolous allegation that disclosure 4 was protected. ID at 7-8. The administrative judge noted that there were two versions of disclosure 5 in the record and that one had been raised to OSC and the other had not. ID at 8 n.4. It appears from OSC's closure letter that the appellant provided more information about disclosures 4 and 5 to OSC than he has to the Board. It is also clear that OSC was able to make at least a cursory investigation into both disclosures 4 and 5.[3] IAF, Tab 1 at 13. Because the appellant provided OSC with sufficient basis to pursue an investigation, we find that he proved by preponderant evidence that he exhausted his administrative remedies before OSC regarding disclosures 4 and 5.

---

[3] As to disclosure 5, the appellant provided OSC with enough information that OSC was able to construct a crude timeline of events. IAF, Tab 1 at 13.

<u>The appellant failed to show that he exhausted his remedies before OSC concerning some of his alleged personnel actions.</u>

¶8        The appellant raised a number of alleged personnel actions in his appeal. However, the only personnel actions mentioned in the OSC closure letter are an alleged reduction in grade, pay or band (disclosure 1); and a reassignment from a supervisory to a nonsupervisory position (disclosure 5).  We agree with the administrative judge that the appellant failed to exhaust his administrative remedies regarding the remaining personnel actions and that the Board therefore lacks jurisdiction to consider them.

<u>The appellant failed to make a nonfrivolous allegation that disclosures 4 and 5 were protected.</u>

¶9        As noted above, one element of the test for establishing jurisdiction in an IRA appeal is that the appellant must make a nonfrivolous allegation that he made a protected disclosure.  *Salerno*, 123 M.S.P.R. 230, ¶ 5.  A protected disclosure is defined as a disclosure of information that the individual reasonably believes evidences a violation of law, rule, or regulation, gross mismanagement, gross waste of funds, abuse of authority, or substantial and specific danger to public health or safety.  *Tatsch v. Department of the Army*, 100 M.S.P.R. 460, ¶ 10 (2005).  The test to determine whether a putative whistleblower has a reasonable belief is an objective one:  Whether a disinterested observer, with knowledge of the essential facts known to and readily ascertainable by the employee, could reasonably conclude that the agency's actions evidenced one of these categories of wrongdoing.  *Id.*  The Board will not require, as a basis for its jurisdiction, that an appellant in an IRA appeal correctly label a category of wrongdoing. *McCorcle v. Department of Agriculture*, 98 M.S.P.R. 363, ¶ 18 (2005).  However, the disclosures must be specific and detailed, not vague allegations of wrongdoing regarding broad or imprecise matters.  *Id.*  A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue.  *Lewis v. Department of Defense*, 123 M.S.P.R. 255, ¶ 7 (2016).  An allegation generally

will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that is more than conclusory, plausible on its face, and material to the legal issue in the appeal. *Id*.

¶10 The appellant's disclosures 4 and 5 are little more than allegations that the agency spent too much on travel and on either a conference or a Christmas party. He makes no specific allegation about how much of each expenditure is appropriate and how much is excessive. It is not clear whether the appellant believes that the agency is engaging in unnecessary travel, or whether the travel is appropriate but the costs are not. We agree with the administrative judge, ID at 7-9, that these are the sort of vague and conclusory allegations that do not rise to the level of nonfrivolous allegations of a protected disclosure.[4]

The appellant failed to establish the Board's jurisdiction over his hostile working environment claim.

¶11 As the administrative judge correctly stated, the appellant raised the issue of a hostile working environment both as an alleged protected disclosure and as an alleged personnel action. ID at 3 n.2. The appellant has provided no evidence, however, that he asserted to OSC that he disclosed a hostile working environment. Therefore, he did not exhaust his remedies as to any disclosure about a hostile working environment. As to the appellant's other claim, allegations of a hostile work environment may constitute a personnel action under

---

[4] Because the appellant did not nonfrivolously allege a protected disclosure, he cannot meet his jurisdictional burden. *See, e.g.*, *Covarrubias v. Social Security Administration*, 113 M.S.P.R. 583, ¶ 17 (2010) (explaining that the Board need not address whether a disclosure was a contributing factor to a personnel action when the appellant did not make a nonfrivolous allegation that she made a protected disclosure), *overruled in part on other grounds by Colbert v. Department of Veterans Affairs*, 121 M.S.P.R. 677, ¶ 12 n.5 (2014). Thus, challenges to the administrative judge's findings pertaining to the appellant's alleged personnel actions would not be a basis for granting the appellant's petition for review. We nevertheless expand upon the administrative judge's analysis of the appellant's hostile work environment claim to apply recently issued Board law, which the administrative judge did not have the benefit of at the time of the initial decision's issuance.

the Whistleblower Protection Act only if they meet the statutory criteria of constituting a significant change in duties, responsibilities, or working conditions. 5 U.S.C. § 2302(a)(2)(A)(xii). To amount to a "significant change" under section 2302(a)(2)(A)(xii), an agency action must have a significant impact on the overall nature or quality of an employee's working conditions, responsibilities, or duties. *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 15. The appellant does nothing more than state that he met with a human resources official about a hostile work environment. Accordingly, we agree with the administrative judge that, by this, the appellant failed to make a nonfrivolous allegation that he was subjected to a hostile working environment.

<u>The appellant's arguments on review do not warrant disturbing the initial decision.</u>

¶12      The appellant's arguments on review essentially derive from the misconception that evidence submitted in his prior appeals is available to and should be considered by the administrative judge. In a refiled appeal, the Board informs the parties that documents already in the record need not be resubmitted. That instruction does not apply in a newly filed appeal with an entirely different docket number. The administrative judge twice ordered the appellant to submit evidence and argument showing Board jurisdiction, and so the appellant should have done so rather than assume that the administrative judge would retrieve the files from the appellant's earlier cases and search through them for anything that might be relevant in this case. There is nothing from the administrative judge in this file that could reasonably be interpreted to mean that the appellant could rely on the records generated in his other cases or that he need not introduce evidence in this case.

¶13      The appellant further contends that the administrative judge's suspension of discovery prevented him from obtaining the complete OSC file. Petition for Review File, Tab 2 at 21-22. He also asserts that the administrative judge should have ordered OSC to produce its file. *Id.* at 24. The documents that would show

what allegations the appellant raised before OSC are all documents that he would have generated himself or at least have had in his custody and control at some point. The form that OSC utilized at the time the appellant filed with OSC—Form 11, "Complaint of Possible Prohibited Personnel Practice or Other Prohibited Activity"—expressly states on page 2 that complainants should keep copies of their submissions to OSC. If the appellant chose not to keep copies of documents he would need later in litigation before the Board, the consequences of that decision are his responsibility.

¶14     For the foregoing reasons, we find that the administrative judge correctly dismissed this IRA appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.    5 U.S.C.  § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).   If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.